## APPEAL OF STUART W. WEBB.

Docket No. 5591.    Decided October 30, 1926.

1. The taxpayer's distributive share of the income of a partnership of which he was a member, from April 1, 1919, to December 31, 1919, determined.

2. Under the Revenue Act of 1918, the basis, in this case the cost, for determining the gain derived or loss sustained upon the sale in 1919 of certain shares of stock, should not be reduced by the amount of a tax-free distribution made in March, 1917. *Appeal of Caroline S. McLean*, 4 B. T. A. 487.

3. The taxpayer kept his books and rendered his returns on a cash receipts and disbursements basis, but now claims that his income for the taxable year 1919 should be computed upon the accrual basis, for the reason that the Massachusetts income tax levied upon the income for the year 1919 accrued on December 31 of that year and constituted a proper deduction from gross income for the purpose of Federal tax upon the accrual basis, and that a computation of his income upon the cash receipts and disbursements basis did not clearly reflect his income. *Held*, that the Massachusetts income tax did not accrue within the year in which the income upon which it was levied was earned, and it can not be said that the method of accounting employed by the taxpayer in keeping his books did not clearly reflect income.

*James W. Mudge, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency of $34,012.69 for the calendar year 1919. It is claimed that (1) the taxpayer's distributive share of the profits of the partnership of Bond & Goodwin from April 1, 1919, to December 31, 1919, was $27,036.27, instead of $60,121.33, as determined by the Commissioner; (2) in determining the profit from the sale in 1919 of certain shares of stock, the Commissioner erred in reducing the cost of said stock by the amount of the dividend paid in March, 1917, out of earnings accumulated prior to March 1, 1913; (3) a computation of the tax for 1919 upon the cash receipts and disbursements basis did not clearly reflect income, for the reason that taxpayer was not thereby permitted to take a deduction from gross income in the amount of the Massachusetts income tax levied in 1920 upon the income for 1919.

#### FINDINGS OF FACT.

The taxpayer is a resident of Boston, Mass.

During the period from April 1 to December 31, 1919, he was a member of the firm of Bond & Goodwin, a partnership, engaged in the sale of securities. His share of the profits of the partnership during the period from April 1, 1919, to December 31, 1919, was 15 per cent of the amount by which the sale price of securities exceeded the book value thereof on April 1, 1919. The Commissioner determined that the taxpayer's distributive share from this partnership for 1919 was $60,121.33. His distributive share of the partnership profits for the period April 1 to December 31, 1919, was $27,036.27.

In March, 1917, the taxpayer purchased 68-6/13 shares of the stock of the Clinton Wire Cloth Co., a Massachusetts corporation, at $554.50 a share, said shares having a par value of $100 each. These shares were purchased through Estabrook & Company, acting as agents for the taxpayer and others, the date of purchase and the entire number of shares purchased for all of the interested individuals being as follows: March 2, 1917, 3,961 shares; March 9, 1917, 33 shares.

At a meeting of the directors of the Clinton Wire Cloth Co. held March 10, 1917, a cash dividend of $392 a share was declared from the surplus of the corporation accumulated prior to March 1, 1913, payable to stockholders of record at the close of business on that date. This dividend was paid on March 12, 1917, and was received by Estabrook & Company, acting as agents for the taxpayer and other individuals for whom Estabrook & Company had purchased the stock, and was applied as part payment on the purchase price of such stock.

At a meeting of the directors of the Clinton Wire Cloth Co. held March 14, 1917, a stock dividend of 150 per cent was declared

against a transfer from surplus to the capital account of $600,000, the taxpayer's holdings of stock being thereby increased to 171-2/13, having a cost per share based upon the $554.50 a share cost of the 68-6/13 shares originally purchased, of $221.80. During the year 1919 he sold the aforementioned 171-2/13 shares at $148 a share.

The cash dividend of $392 a share declared on March 10, 1917, was paid from the surplus of the corporation accumulated prior to March 1, 1913, and not from paid-in capital. It was not the proceeds of the sale by the corporation of any of its plant or operating assets. No stock of the corporation was surrendered in connection with or in consideration of the declaration or payment of the dividend. No endorsement of full or partial distribution in liquidation was made upon any of the shares of the corporation's stock in connection with or on consideration of the declaration or payment of the dividend. The corporation continued uninterruptedly in the conduct of the business for which it was organized for several years subsequent to the declaration and payment of the cash dividend.

In determining the profit or loss upon the sale of the stock in 1919, the Commissioner reduced the cost thereof by the amount of the tax-free distribution in March, 1917, of $392 a share. This computation resulted in a profit of $14,205.77, instead of a loss of $12,631.15 as claimed by the taxpayer.

The taxpayer kept his books and rendered his returns for 1919 and prior years upon the cash receipts and disbursements basis. During 1919 and for many years prior thereto he was a resident of the Commonwealth of Massachusetts and was subject to the Massachusetts income tax. The Massachusetts income tax was payable in October of each year and was measured by the income received during the preceding year.

During the years 1917 to 1921, inclusive, the taxpayer's income was inconstant and was subject to extreme fluctuation. The Massachusetts State income tax paid in the years 1917 to 1921, inclusive, and the tax based upon the income during the same years, referred to below as accrued, was as follows:

|        | Paid      | Accrued    |
|--------|-----------|------------|
| 1917   | $466. 19  | $2, 377. 31 |
| 1918   | 2, 377. 31 | 2, 765. 06 |
| 1919   | 2, 765. 06 | 20, 352. 63 |
| 1920   | 20, 352. 63 | 139. 77   |
| 1921   | 139. 77   | 420. 39    |

The taxpayer's net taxable income for the years 1917 to 1921, inclusive, computed on the cash basis, and on the accrual basis, including the accrual of the Massachusetts income tax in the year in which the income was earned, compare as follows:

|  | Cash basis | Accrual basis |
|---|---|---|
| 1917 | $54, 758. 84 | $68, 903. 15 |
| 1918 | 64, 382. 05 | 67, 474. 05 |
| 1919 | 280, 821. 90 | 248, 321. 56 |
| 1920 | 15, 866. 42 | 34, 561. 11 |
| 1921 | 7, 084. 33 (Loss) | 18, 579. 22 (Loss) |

The Federal income tax due for the years 1917 to 1921, inclusive, computed upon the income shown in the preceding tabulation on the cash basis and on the accrual basis, compare as follows:

|  | Cash basis | Accrual basis |
|---|---|---|
| 1917 | $3, 871. 06 | $6, 013. 54 |
| 1918 | 9, 408. 44 | 10, 381. 70 |
| 1919 | 126, 003. 14 | 106, 502. 94 |
| 1920 | 401. 99 | 2, 479. 78 |
| 1921 | None. | None. |

In the administration of the Massachusetts income tax law, the taxing authorities of the Commonwealth permit the accrual of the tax in the year in which the income on the basis of which the tax is computed accrues, which is the year preceding the year in which the tax is assessed and becomes payable.

### OPINION.

LITTLETON: As to the first issue, the parties have stipulated that the taxpayer's distributive share of the income of the partnership of Bond & Goodwin for the period from April 1 to December 31, 1919, was $33,085.06, less than that determined by the Commissioner. In the computation of the deficiency for the taxable year, the income should therefore be reduced by this amount.

The second issue is governed by the decision of the Board in the Appeal of Caroline S. McLean, 4 B. T. A. 487, decided July 29, 1926, in which it was held that the basis—in that appeal the March 1, 1913, value of shares of stock—should not be reduced by the amount of a tax-free distribution made thereon in 1917, in determining the gain derived from the sale of the stock in 1919.

General Acts of the Commonwealth of Massachusetts, 1916, chapter 269, imposing a tax upon income received from certain forms of intangible property, provides in section 1 as follows:

There shall be levied in the year nineteen hundred and seventeen, and in each year thereafter, a tax upon incomes as hereinafter set forth.

Section 2 provides:

Income of the following classes received by any inhabitant of this commonwealth during the calendar year prior to the assessment of the tax shall be taxed at the rate of * * *.

See also section 5, containing the same language relating to the tax upon annuities, professions, employments, trade or business.

Section 7 provides:

Persons who customarily estimate their income and expenditure on a basis other than that of actual cash receipts and disbursements may, with the approval of the tax commissioner, compute upon a similar basis their income taxable under this act. * * *

Section 8 relating to estates of deceased persons provides in part as follows:

The income received by persons since deceased shall be taxed to their estates. The income received by estates of deceased persons who last dwelt in this commonwealth shall be subject to the taxes assessed by this act, to the extent that the persons to whom such income is payable or for whose benefit it is accumulated are inhabitants of this commonwealth, which shall be assessed to the executor or administrator, and before the appointment of an executor or an administrator such taxes shall be assessed in general terms to the estate of the deceased, and the executor or administrator subsequently appointed shall be liable for the tax so assessed as though assessed to him. * * *

Section 12 provides " Every individual inhabitant of the commonwealth, including every partnership, association or trust, whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income * * *," with certain exceptions not material here. This section further provides as follows:

The return shall be made on or before the first day of March in each year, and shall relate to the income received during the calendar year ending on the preceding thirty-first day of December.

The return required by this section shall be filed by every person who is at any time between the first day of January and the thirtieth day of June in any year an inhabitant of the commonwealth, if such person has in the preceding year received income taxable hereunder: * * * Every person who is an inhabitant of the commonwealth at any time between the first day of January and the thirtieth day of June, both inclusive, in any year, shall be subject to the taxes imposed by this act.

Under the foregoing provisions of the statute, an individual taxpayer is not liable for the tax until he has been an inhabitant of the Commonwealth during some portion of the first six months of the year following the year in which the income was earned. This condition must occur before any liability for the tax comes into existence. At the close of December 31 in any year, there is no liability for the tax. In the opinion of the Board, the Massachusetts income tax is a tax for the year in which it is assessed and becomes payable, in this case for the year 1920, and is measured by the income for the preceding calendar year.

The statute of the Commonwealth of Massachusetts levying the tax upon persons who are inhabitants of the Commonwealth in the year succeeding that in which the income was received appears conclusive on this point.

It is unnecessary, in view of our conclusion as to the accrual of the tax, to discuss the question of whether the method of accounting employed by the taxpayer correctly reflected his income, since the Massachusetts tax was the only item upon which the taxpayer relied in support of his claim that his income for 1919 should be computed upon the accrual basis.

*Judgment will be entered on 15 days' notice, under Rule 50.*