*369 OPINION.
Littleton:
As to the first issue, the parties have stipulated that the taxpayer’s distributive share of the income of the partnership of Bond & Goodwin for the period from April 1 to December 31, 1919, was $33,085.06, less than that determined by the Commissioner. In the computation of the deficiency for the taxable year, the income should therefore be reduced by this amount.
The second issue is governed by the decision of the Board in the Appeal of Caroline S. McLean, 4 B. T. A. 487, decided July 29,1926, in which it was held that the basis — in that appeal the March 1, 1913, value of shares of stock — should not be reduced by the amount of a tax-free distribution made thereon in 1917, in determining the gain derived from the sale of the stock in 1919.
General Acts of the Commonwealth of Massachusetts, 1916, chapter 269, imposing a tax upon income received from certain forms of intangible property, provides in section 1 as follows:
There shall be levied in the year nineteen hundred and seventeen, and in each year thereafter, a tax upon incomes as hereinafter set forth.
Section 2 provides:
Income of the following classes received by any inhabitant of this commonwealth during the calendar year prior to the assessment of the tax shall be taxed at the rate of * * *.
*370 See also section 5, containing the same language relating to the tax upon annuities, professions, employments, trade or business.
Section 1 provides:
Persons who customarily estimate their income and expenditure on a basis other than that of actual cash receipts and disbursements may, with the approval of the tax commissioner, compute upon a similar basis their income taxable under this act. * * *
Section 8 relating to estates of deceased persons provides in part as follows:
The income received by persons since deceased shall be taxed to their estates. The income received by estates of deceased persons who last dwelt in this commonwealth shall be subject to the taxes assessed by this act, to the extent that the persons to whom such income is payable or for whose benefit it is accumulated are inhabitants of this commonwealth, which shall be assessed to the executor or administrator, and before the appointment of an executor or an administrator such taxes shall be assessed in general terms to the estate of the deceased, and the executor or administrator subsequently appointed shall be liable for the tax so assessed as though assessed to him. * * *
Section 12 provides “ Every individual inhabitant of the commonwealth, including every partnership, association or trust, whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income * * with certain exceptions not material here. This section further provides as follows:
The return shall he made on or before the first day of March in each year, and shall relate to the income received during the calendar year ending on the preceding thirty-first day of December.
The return required by this section shall be filed by every person who is at any time between the first day of January and the thirtieth day of June in any year an inhabitant of the commonwealth, if such person has in the preceding year received income taxable hereunder: * * * Every person who is an inhabitant of the commonwealth at any time between the first day of January and the thirtieth day of June, both inclusive, in any year, shall be subject to the taxes imposed by this act.
Under tbe foregoing provisions of the statute, an individual taxpayer is not liable for the tax until he has been an inhabitant of the Commonwealth during some portion of the first six months of the year following the year in which the income was earned. This condition must occur before any liability for the tax comes into existence. At the close of December 31 in any year, there is no liability for the tax. In the opinion of the Board, the Massachusetts income tax is a tax for the year in which it is assessed and becomes payable, in this case for the year 1920, and is measured by the income for the preceding calendar year.
*371 The statute of the Commonwealth of Massachusetts levying the tax upon persons who are inhabitants of the Commonwealth in the year succeeding that in which the income was received appears conclusive on this point.
It is unnecessary, in view of our conclusion as to the accrual of the tax, to discuss the question of whether the method of accounting employed by the taxpayer correctly reflected his income, since the Massachusetts tax was the only item upon which the taxpayer relied in support of his claim that his income for 1919 should be computed upon the accrual basis.
Judgment will he entered on 15 days' notice, wider Bule 50.